United States District Court
District of Massachusetts

```
_____
                          )
Dominic Shiner,           )
                          )
          Petitioner,     )
                          )
     v.                   )   Civil Action No.
                          )   24-10100-NMG
Souza-Baranowski Correctional )
Center Superintendent,    )
                          )
          Respondent.     )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is a motion to stay and hold in abeyance habeas proceedings for petitioner Dominic Shiner ("Shiner" or "petitioner").  Because the Court finds that petitioner has not demonstrated good cause for failing to exhaust his claims, the motion (Docket No. 35) will be denied.

I.   **Background**

In September, 2018, petitioner was convicted in the Suffolk County Superior Court of voluntary manslaughter and witness intimidation.  Shiner filed a timely appeal, and on June 15, 2022, a divided Massachusetts Appeals Court affirmed his conviction. Commonwealth v. Shiner, 101 Mass. App. Ct. 206 (2022).  On November 10, 2022, the Massachusetts Supreme

Judicial Court rejected petitioner's request for Further Appellate Review. Commonwealth v. Shiner, 490 Mass. 1109 (2022).

On January 25, 2024, Shiner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1). Shiner contends the trial court deprived him of his right to present a defense by erroneously admitting expert testimony through a lay witness "to refute [his] exculpatory defense," and instructing the jury that his exculpatory evidence "itself was somehow not 'evidence.'" Id. at 3-4. Respondent Souza-Baranowski Correctional Center Superintendent ("SBC" or "respondent") opposes Shiner's petition on multiple grounds, including that petitioner's deprivation-of-defense claim was not exhausted. Docket No. 34 at 9.

Petitioner subsequently filed a motion to stay his habeas proceedings (Docket No. 35). He does not concede failure to exhaust but justifies it, arguendo, as error on the part of his counsel. Docket No. 35, ¶ 3. He asks the Court to allow him to return to state court and assuage any exhaustion concerns "[j]ust to make sure that justice is not denied." Id.

## II. Analysis

A federal district court can entertain a habeas petition only after the petitioner has exhausted all available state remedies. Ex parte Hawk, 321 U.S. 114, 117 (1944). However, a court may, in limited circumstances, stay and hold in abeyance a

-2-

petition in order to give a petitioner the opportunity to
exhaust all claims. Rhines v. Weber, 544 U.S. 269, 275-78
(2005).  To grant a stay, the court must find that (1) there was
good cause for failing to exhaust state remedies, (2) the claims
are potentially meritorious and (3) the petitioner is not
intentionally engaging in dilatory tactics. Josselyn v. Dennehy,
475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278).
A petitioner must establish all three factors to justify a stay.
Rhines, 544 U.S. at 277-78.

     Shiner is not entitled to a stay.  He provides no good-
cause explanation for why any of his claims were omitted in his
state court pleadings except for potential error on the part of
his attorney.[1] Docket No. 35 at 2.  The First Circuit has made
clear that an attorney's decision to omit claims from a state-
level appeal "cannot amount to good cause," Clements v. Maloney,
485 F.3d 158, 170, even if that decision was the result of
"[i]gnornace of the law." Josselyn v. Dennehy, 475 F.3d 1, 5
(1st Cir. 2007).  Other sessions of this Court have similarly
declined to issue stays on the basis of ineffective assistance
of counsel. See, e.g., Wood v. Ryan, 268 F. Supp. 3d 297, 301
(D. Mass. 2017); Watt v. Marchilli, 217 F. Supp. 3d 434, 440 (D.
Mass. 2016).  Petitioner fails to meet the "high bar" for good

---

[1] That attorney continues to represent Shiner in the instant matter.

cause, Watt, 217 F. Supp. 3d at 440, and as such, this Court need not consider whether petitioner satisfies the other requirements to be entitled to a stay.

### ORDER

For the foregoing reasons, Shiner's motion to stay and hold in abeyance (Docket No. 35) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated November 19, 2024