United States District Court
District of Massachusetts

```
_____
                               )
Dominic Shiner,                )
                               )
       Petitioner,             )
                               )
       v.                      )  Civil Action No.
                               )  24-10100-NMG
Souza-Baranowski Correctional  )
Center,                        )
                               )
       Respondent.             )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the petition for writ of habeas corpus (Docket No. 1) of petitioner Dominic Shiner ("petitioner" or "Shiner"). Shiner seeks relief from his state court conviction for manslaughter on the basis that the trial court improperly admitted evidence that denied him a meaningful opportunity to present a defense. Because Shiner has failed to exhaust his claims entirely, his petition will be denied.

I.  **Background**

   **A. Facts**

In September, 2015, Shiner was indicted for murder in the first degree in connection with the fatal stabbing of Sean Dwyer one year earlier. Shiner was convicted by a jury of voluntary manslaughter and witness intimidation and was sentenced to 16 to 19 years of incarceration.

At trial, the Commonwealth of Massachusetts ("the Commonwealth") presented no eyewitness or forensic evidence linking Shiner to the stabbing. It did introduce surveillance footage from a nearby home security system which appeared to show a person in a light-colored sweatshirt running away from the scene shortly after the crime. Eyewitness testimony had reported that petitioner was wearing a black sweatshirt two hours after Dwyer was killed.

To address that discrepancy, a police detective testified that he returned to the residence from which the surveillance footage was collected six months after the incident and performed a test in which a fellow officer walked by the camera wearing a black shirt. The detective determined that, in the resulting footage, the shirt appeared to be light-colored. He took a photo of the surveillance screen but did not preserve the footage.

That photo, as well as the detective's explanation of the test, was presented to the jury. The detective offered no opinion as to the color of Shiner's sweatshirt that night and instead explained only his own observation of the test. Petitioner objected that the admission of such testimony required an expert witness to testify that conditions between the test and actual footage were similar enough to render the

testimony admissible, and that the officer conceded that he had no expertise in videography.

The judge allowed the testimony to be presented to the jury but issued a detailed limiting instruction. He cautioned the jury that the demonstration was not to be taken as actual evidence but rather as a showing that, just because a video depicts something as light-colored does not mean that it was. Outside the presence of the jury, the judge made a statement for the record that the conditions appeared similar enough to warrant admission of the demonstration.

### B. Procedural History

Petitioner appealed his conviction to the Massachusetts Appeals Court ("the MAC"). With respect to the question of the video demonstration, petitioner appealed its admission solely on evidentiary grounds, claiming that the testimony amounted to improper opinion testimony by a lay witness in violation of Mass.G.Evid. §701.

The MAC affirmed the ruling but one judge dissented, finding that the majority had failed to apply the test for admissibility of experiment evidence as described in Commonwealth v. Rintala, 488 Mass. 421 (2021), and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). The dissent contended that evidence of the experiment was inadmissible under Rintala and Daubert, and that its admission undermined the

exculpatory value of the surveillance footage and denied petitioner a fair trial.

Petitioner filed an application for further appellate review ("FAR") to the Supreme Judicial Court ("the SJC") but that application was denied. In his pending petition for writ of habeas corpus, Shiner's sole claim is that the admission of the evidence denied him his constitutional right to present a defense under Holmes v. South Carolina, 547 U.S. 319 (2006).

## II. Petition for Writ of Habeas Corpus

### A. Legal Standard

For a writ of habeas corpus to be successful, a petitioner must show that the state court acted contrary to, or committed an unreasonable application of, clearly established precedent of the Supreme Court of the United States. 28 U.S.C. §2254(d). Relief may not be granted unless the petitioner has exhausted all remedies available in state court. §2254(b)(1)(A).

### B. Application

Before the Court may consider the merits of Shiner's petition, it must first determine whether his claims were fully exhausted. Exhaustion requires a petitioner to present fairly the factual and legal basis of his claims to the state court. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). Presentment may be satisfied in a number of ways but generally requires conspicuous presentation of a federal constitutional

-4-

claim, identification of a specific constitutional right, reliance on constitutional precedent or assertion of a state-law claim that is functionally identical to a federal constitutional claim. Id.  The Court should determine whether the presentation would be likely to alert a reasonable jurist to the existence of a federal question. Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. 1989).

In his appeal to the MAC, Shiner included no reference, explicit or otherwise, to a denial of his constitutional right under Holmes.  Rather, his appeal was based solely upon whether the admission of the detective's testimony violated state evidentiary rules.  Although the dissenting judge concluded that admission of the test negated the exculpatory value of the footage and therefore denied petitioner the right to a fair trial, there is no indication that the MAC was alerted to the specific constitutional challenge under Holmes.  The Court concludes that the legal basis for petitioner's claim was not therefore fairly presented to the MAC.

The Court need not determine whether the claim was fairly presented to the SJC because that court regularly declines to review claims not included in an original appeal. See Grieco v. Hall, 487 F. Supp. 1193, 1199 (D. Mass. 1980).  The Holmes claim was not raised at the MAC, not fairly presented to the SJC and therefore not exhausted.  That failure to exhaust is fatal to

Shiner's pending petition. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

**ORDER**

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 21, 2025